**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Eric Tunis, Esq.
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988
Tel: (732) 549-5600
Fax: (732) 549-1881
Attorneys for Plaintiff, Fameco Real
Estate, L.P.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAMECO REAL ESTATE, L.P., <br><br> Plaintiff, <br><br> v. <br><br> TYLER BENNETT, DANIEL SPECTOR, WINCIK REALTY GROUP LLC, and WINICK REALTY GROUP LLC NJ <br><br> Defendants. | Civil Action No. 3:12-cv-06102 (JAP)(TJB) <br><br> **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS TYLER BENNETT AND DANIEL SPECTOR** |

TO: Matthew K. Blaine, Esq.
    Lomurro, Davison, Eastman and Munoz, P.A.
    100 Willow Brook Road
    Suite 100
    Freehold, NJ 07728

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Local Civil Rule 34.1, and the December ____, 2012, Order of the Court, plaintiff Fameco Real Estate L.P. ("Fameco") requests that defendants Tyler Bennett ("Bennett") and Daniel Spector ("Spector" and collectively with Bennett as "defendants") produce for examination, inspection, and copying at the offices of Greenbaum, Rowe, Smith & Davis

LLP, 99 Wood Avenue South, Iselin, New Jersey, 08830-2712, on _____, all of the documents described herein in.

**PLEASE TAKE FURTHER NOTICE** that failure to provide the requested documents may subject defendants to sanctions pursuant to the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that defendants are to produce the aforementioned documents in their original form at the time of trial.

                                        **GREENBAUM, ROWE, SMITH & DAVIS LLP**
                                        Counsel to Plaintiff Fameco Real Estate, L.P.

                                        By: ____/s/ Eric Tunis_____
                                                ERIC TUNIS

Dated:  November 9, 2012

## **DEFINITIONS**

For the purposes of these Document Requests, the following definitions shall apply:

1. "**You**," "**Your**," or "**defendants**" shall mean defendants Tyler Bennett and Daniel Spector collectively as well as individually, and their respective affiliates, agents, employees, representatives, and/or all other persons acting on their behalf.

2. "**Bennett**" shall mean defendant Tyler Bennett and his affiliates, agents, employees, representatives, and/or all other persons acting on his behalf.

3. "**Spector**" shall mean defendant Daniel Spector and his affiliates, agents, employees, representatives, and/or all other persons acting on his behalf.

4. "**Fameco**" shall mean plaintiff Fameco Real Estate, L.P. and its affiliates, agents, employees, representatives, and/or all other persons acting on its behalf.

5. "**Winick**" shall mean Winick Realty Group LLC and its affiliates, agents, employees, representatives, and/or all other persons acting on its behalf.

6. "**Winick NJ**" shall mean Winick Realty Group LLC NJ and its affiliates, agents, employees, representatives, and/or all other persons acting on its behalf.

7. **"Complaint"** shall mean the complaint filed by Plaintiff in the United States District Court, District of New Jersey on or about September 27, 2012 in the case of <u>Fameco Real Estate, L.P. v. Tyler Bennett and Daniel Spector</u>, Civil Action No. 3:12-cv-06102 (JAP)(TJB).

8. **"Amended Complaint"** shall mean the amended complaint filed by Plaintiff in the United States District Court, District of New Jersey on or about November 7, 2012 in the case of <u>Fameco Real Estate, L.P. v. Tyler Bennett and Daniel Spector</u>, Civil Action No. 3:12-cv-06102 (JAP)(TJB).

9. The terms "**regarding**," "**concerning**," "**referring to**," or "**relating to**" shall be construed in their broadest sense to require production of documents that directly or indirectly pertain to, embody, mention, reflect, describe, constitute, refer to or evidence the subject of the request.

10. The term **"Communication"** means any transmission of information, however produced or reproduced, whether by "document" as herein defined, or orally, and includes, but is not limited to, correspondence, e-mails, voicemails, internal or external memos, oral statements, telephone conversations, negotiations, conferences, or meetings, however formal or informal.

11. The term **"Person"** means all individuals and entities including, but not limited to, natural persons, sole

4

proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts and estates, legal or investment advisors.

    12. The term **"Electronically Stored Information"** shall mean information currently maintained in computer files as well as historical, archival, back-up, and legacy computer files, whether in current or historic media or formats.

    13. The terms "**Identify**," "**Identity**," or "**Identification**" mean, when used in reference to:

        I.   a natural person, his or her:
- a. full name;
- b. home address;
- c. business address;
- d. present or last known position, business affiliation, and job description;

        II.  a company, corporation, association, partnership, or any legal entity other than a natural person:
- a. its full name;
- b. a description of the type of organization or entity;
- c. the address of its principal place of business;
- d. the jurisdiction of its incorporation or organization; and

5

   e. the date of its incorporation or organization;

III. a document:

   a. its description (<u>e.g.</u>, letter, memorandum, report, etc.)

   b. its title;

   c. its date;

   d. the number of pages thereof;

   e. its subject matter;

   f. the identity of each author, signer, and any person who participated in its preparation;

   g. the identity of its addressee or recipient;

   h. the identity of each person to whom copies were sent and each person by whom copies were received;

   i. its present location; and

   j. the identity of its custodian. If any such document is no longer in the possession of or subject to the control of plaintiffs, state what disposition was made of it and the date of disposition.

IV. an oral communication:

   a. the date and time it occurred;

   b. the place where it occurred;

      c.    the complete substance of the communication;

      d.    the identity of each person

          (1)    to whom such communication was made;

          (2)    by whom such communication was made;

          (3)    who was present when such communication was made; and

      e.    the identity of all notes, minutes, memoranda or other documents memorializing or referring to the subject matter of the statement.

14. The terms **"Document"** or **"Documents"** refer to tangible evidence of any type, including the original and all copies, prior drafts and translations of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, regardless of origin or location, that can be located, discovered or obtained by reasonably diligent efforts, including, without limitation, all letters, memoranda, notes, written communications, notes concerning or memorializations of oral statements, communications, conversations, telephone calls or meetings, records, reports, affidavits, statements, charts, tabulations, surveys, studies, schedules, lists, analyses, graphs, notebooks, diaries, calendars, minutes, logs, journal entries, vouchers, orders, checks or canceled checks (front and back), bills, expense accounts, ledgers, books of account,

financial statements, shipping documents, receipts, acknowledgments, personal records, statistics, telegrams, teletypes, telexes, telecopies, printouts, files, inter-office and intra-office communications, contracts, agreements, assignments, licenses, instructions, directives, investigative reports, summaries, prospectuses, certificates, drawings, plans, questionnaires, pamphlets, books, booklets, bulletins, newspapers, magazines, presentations, slides, tape recordings, voice recordings, wire recordings, phonograph records, photographs, photographic negatives, video or video recordings, films, motion pictures, microfiche, microfilm, computer disks, computer tapes, CD-ROMs, electronic mail, and any form of computer or network data storage from which information can be obtained or translated.

## INSTRUCTIONS

1. Each request for a document or documents shall be deemed to call for the production of the original document or documents as well as all copies and preliminary drafts of documents that differ in any respect from the original or final draft or from each other by reason of, <u>inter alia</u>, handwritten or other notes or comments having been added to one copy of the document but not to the original or other copies thereof.

2. Each request herein for a document or documents to be produced requires the production of the document in its entirety, without redaction or expurgation.

3. Each document produced shall be identified by the particular request or requests for documents to which it relates.

4. Unless otherwise expressly notified in writing, the failure to produce any items requested hereinafter shall be deemed a representation that such document does not exist or is not in the possession, custody or control of defendants or their respective agents at the time of the service of the response to the request for production.

5. If a refusal to answer a request is based on the ground that the request is unduly burdensome, identify the number and nature of documents needed to be searched, the

location of the documents, and the hours, number of persons, and costs required to conduct the search.

      6.    The singular shall be deemed to include the plural, and vice versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. The feminine shall be deemed to include the masculine, and vice versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. The word "and" shall be deemed to include the disjunctive "or," and vice versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. The past tense shall be construed to include the present tense, and vice versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

      7.    If any documents responding to all or any part of any request for documents are not currently available, include a statement to that effect and furnish whatever documents are available. Include in your statement when such documents were most recently in your possession, custody or control and what disposition was made of them. If a document requested herein was at one time in existence, but has been lost, discarded or

destroyed, identify in writing each document and provide the following information:

    a. the date or approximate date it was lost, discarded or destroyed;

    b. the circumstances and manner in which it was lost, discarded or destroyed;

    c. the reason or reasons for disposing of the document (if discarded or destroyed);

    d. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document, including name, job title, and the last known business and home addresses; and

    e. the identity of all persons who have knowledge of the contents thereof.

8. If any document requested herein is withheld from production, please furnish a list identifying each such document and providing the following information with respect to each such document:

    a. the reason for withholding the document;

    b. a statement of the basis for the claim of privilege, work product or other ground for non-disclosure;

    c. a brief description of the document, including:

(1) the date of the document;

(2) the number of pages, attachments and appendices;

(3) the names of its authors and an identification by employment and title of each such person;

(4) the name of each person who was sent, shown or copied on the document, or has access to or custody of the document, together with an identification by employment and title of each such person;

(5) the present custodians;

(6) the subject matter of the document, and, in the case of any document relating or referring to a meeting or conversation, an identification of such conversation;

(7) the type of document, e.g., letter, memorandum, etc.; and

(8) the request or requests to which the document is responsive.

9. This request is deemed continuing in nature, and defendants are hereby requested and required to supplement their responses up to and through the time of trial. Accordingly, should any document that defendants would be required to produce

12

pursuant to the within request come into the possession, custody or control of defendants or any person acting on their behalf after the time specified herein for the production of such document, defendants shall immediately produce such document to the undersigned for inspection and copying.

**DOCUMENTS REQUESTED**

1. All documents relating to Fameco's proprietary information, including but not limited to information relating to clients, listing agreements, listing expirations, trade secrets, proprietary market information databases, corporate strategies, and real estate development activities that has been retained by Bennett and/or Spector since terminating their affiliation with Fameco.

2. All documents relating to Bennett and/or Spector's disclosure and use of Fameco's proprietary information, including but not limited to information relating to clients, listing agreements, listing expirations, trade secrets, proprietary market information databases, corporate strategies, and real estate development activities since April 1, 2012.

3. All correspondence and/or documents exchanged between Bennett and/or Spector and any "Covered Client," as that term is defined in Bennett and Spector's respective Broker-Salesperson Contracts with Fameco, since Bennett and/or Spector terminated their relationship with Fameco.

4. All correspondence and/or documents exchanged between Bennett and/or Spector and Winick regarding any "Covered Client," as that term is defined in Bennett and Spector's respective Broker-Salesperson Contracts with Fameco, regardless of whether said correspondence and/or document exchange occurred

14

prior or subsequent to Bennett and/or Spector's termination of their relationship with Fameco.

5. All documents relating to contracts, agreements, or understandings entered into between Bennett and/or Spector and any "Covered Client," as that term is defined in Bennett and Spector's respective Broker-Salesperson Contracts with Fameco, including, but not limited to, all documents evidencing each such contract, agreement, or understanding, or the termination thereof, since April 1, 2012.

6. All documents concerning any meetings, conversations, telephone discussions or other communications between Bennett and/or Spector and any "Covered Client," as that term is defined in Bennett and Spector's respective Broker-Salesperson Contracts with Fameco, or their representatives, since Bennett and/or Spector terminated their relationships with Fameco.

7. All documents relating to any "Brokerage Services" provided by Bennett to any "Covered Clients," as those terms are defined in Bennett's Broker-Salesperson Contract with Fameco, in connection with transactions involving real property located in Pennsylvania, Delaware or New Jersey and less than 101 miles from any point within Middlesex County, NJ since terminating his affiliation with Fameco.

8. All documents relating to any "Brokerage Services" provided by Spector to any "Covered Clients," as those terms are

15

defined in Spector's Broker-Salesperson Contract with Fameco, in connection with transactions involving real property located in Pennsylvania, Delaware or New Jersey and less than 101 miles from any point within Philadelphia County, PA. since terminating his affiliation with Fameco.

9. All documents relating any and all deals listed on Bennett and Spector's respective Termination Deal Sheets.