LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
Monmouth Executive Center
100 Willow Brook Road, Suite 100
Freehold, NJ 07728
(732) 462-7170
Attorneys for Defendants, Tyler Bennett & Daniel Spector

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FAMECO REAL ESTATE, L.P., | |
| | Case No. 12-CV-06102-JAP-TJB |
| Plaintiff, | |
| | Civil Action |
| v. | |
| | |
| TYLER BENNET, DANIEL SPECTOR, | Motion date: December 3, |
| WINICK REALTY GROUP, LLC and | 2012 |
| WINICK REALTY GROUP LLC NJ, | |
| | |
| Defendants. | |

**BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT DUE TO LACK OF SUBJECT MATTER
JURISDICTION**

On the brief:

James M. McGovern, Jr., Esq.
Matthew K. Blaine, Esq.

**TABLE OF CONTENTS**

I.   Introduction........................................1

II.  Statement of Facts.................................2

III. Legal Argument.....................................4

    FRELP's First Amended Complaint Must Be Dismissed Due to Lack of Subject Matter Jurisdiction Because FRELP Has Failed to Demonstrate Complete Diversity of Citizenship

IV.  Conclusion.........................................7

**TABLE OF AUTHORITIES**

**Cases**

*Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n*,
554 *F*.2d 1254 (3d Cir. 1977)......................... 4, 5, 6

*Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*,
177 *F*.3d 210 (3d Cir. 1999).......................... 4

*Paintball Players Productions, LLC v. Majesco Entertainment Company*,
2012 *U.S. Dist. LEXIS 146676*, Civ. No. 12-06143 (D.N.J. Unpub. October 11, 2012).................................. 5

*Swiger v. Allegheny Energy, Inc.*,
540 *F*.3d 179 (3d Cir. 2008)........................... 4, 5

*Zambelli Fireworks, Mfg. Co. Inc. v. Wood*,
592 *F*.3d 412, 419 (3d Cir. 2010)..................... 4

**Statutes**

28 U.S.C. § 1332..................................... 1, 2, 4

**Rules**

*F.R.C.P.* 12(b)(1)...................................1, 4, 6, 7

## I. <u>INTRODUCTION</u>

Although the First Amended Complaint of Plaintiff, Fameco Real Estate, L.P. ("FRELP"), alleges that it is based upon diversity of citizenship, FRELP has failed to demonstrate complete diversity of citizenship as required by 28 <u>U.S.C.</u> § 1332.  FRELP's First Amended Complaint fails to reference the partnership interest or state of citizenship of Jay Miller, an individual who has consistently been identified by FRELP as one of its Partners and Principals.  It is believed that Jay Miller is a citizen of New Jersey.  Defendants, Tyler Bennett and Daniel Spector, are also citizens of New Jersey.  Accordingly, since there is incomplete diversity of citizenship, Defendants, Tyler Bennett and Daniel Spector respectfully request that this Court dismiss FRELP's First Amended Complaint pursuant to *F.R.C.P*. 12(b)(1).

FRELP has also been ordered to file a motion to obtain expedited discovery on November 9, 2012, with a return-date of December 3, 2012.  (See ECF Doc. No. 5).

## II.  STATEMENT OF FACTS

FRELP's First Amended Complaint alleges that jurisdiction in this Court is proper due to diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF Doc. No. 4 at ¶6). The First Amended Complaint goes on to identify eight (8) of FRELP's limited Partners, all of whom are citizens of and reside within the Commonwealth of Pennsylvania. (*Id.* at ¶8). Contrary to FRELP's own prior representations, the First Amended Complaint fails to identify Jay Miller as a member of FRELP. (*Ibid.*).

On March 13, 2009, FRELP announced that it had named Jay Miller as one of its Partners. According to Brandon Famous, FRELP's Founder and CEO, Jay Miller's "recognition as Partner is truly well deserved." (Blaine Dec., *Exhibit A*). FRELP's on-line biography for Jay Miller also reflects he was named a FRELP Partner in 2009. (*Id.* at *Exhibit B*). FRELP's own internal newsletter also identifies Jay Miller as a "Principal" in FRELP. (*Id.* at *Exhibit C*, pp. 5 and 8).

If Jay Miller is a FRELP Partner, then FRELP's First Amended Complaint must be dismissed because it appears that he, like Messrs. Bennett and Spector, is a citizen of the State of New Jersey. (ECF Doc. No. 4 at ¶¶9-10 and Blaine Dec. at *Exhibit D*). Specifically, a review of Mercer County's public property tax records indicates that Jay Miller is a citizen of

2

New Jersey who lives in Robbinsville, New Jersey. (*Id.* at *Exhibit D*).

FRELP's counsel has represented to the undersigned that Jay Miller is not a FRELP Partner, is paid by way of a 1099 as opposed to a K-1, does not share in FRELP's profits, does not incur any of its liabilities and does not have the power to bind the company.

However, FRELP has refused to provide Messrs. Bennett and Spector with any explanation as to why it has consistently identified Jay Miller as one of its Principals and Partners, yet is maintaining for purposes of this litigation that he is not a Partner. As a result, this motion to dismiss due to a lack of subject matter jurisdiction follows.

### III. LEGAL ARGUMENT

**FRELP's First Amended Complaint Must Be Dismissed Due to Lack of Subject Matter Jurisdiction Because FRELP Has Failed to Demonstrate Complete Diversity of Citizenship**

Although FRELP's First Amended Complaint alleges claims based upon State law, only, FRELP has failed to demonstrate complete diversity of citizenship as required by 28 U.S.C. § 1332. Accordingly, Messrs. Bennett and Spector respectfully request that this Court dismiss FRELP's First Amended Complaint pursuant to *F.R.C.P.* 12(b)(1).

Access to the federal courts on the ground of diversity should be denied absent a clear entitlement to such access. *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n*, 554 *F.*2d 1254, 1259 (3d Cir. 1977). Diversity jurisdiction requires "complete diversity," meaning that no plaintiff and defendant can be citizens of the same state. *Zambelli Fireworks, Mfg. Co. Inc. v. Wood*, 592 *F.*3d 412, 419 (3d Cir. 2010). In addition, it is FRELP's burden, as the plaintiff, to establish complete diversity. *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 *F.*3d 210, 222 n.13 (3d Cir. 1999).

As a limited partnership, FRELP takes on the citizenship of each of its members. *Id.* at 419-20; see also *Swiger v. Allegheny Energy, Inc.*, 540 *F.*3d 179, 185 (3d Cir. 2008). "[W]here noncorporate entities – including partnerships – are

4

concerned, the courts should look to the citizenship of the persons comprising such organizations in order to determine whether there is compliance with the diversity standard." *Carlsberg Resources Corp.*, *supra*, 554 *F.*2d at 1258. "[A]n unincorporated association has been viewed as a citizen of each state in which it has a member." *Ibid.*

Therefore, FRELP must identify all of its individual partners as well as the State in which each partner is domiciled. *See Paintball Players Productions, LLC v. Majesco Entertainment Company*, 2012 *U.S. Dist. LEXIS 146676,* *2-*3, Civ. No. 12-06143 (D.N.J. Unpub. October 11, 2012). If any of the individual partners are citizens of New Jersey, like Messrs. Spector and Bennett, then diversity is incomplete and FRELP's First Amended Complaint must be dismissed due to a lack of subject matter jurisdiction.

FRELP's First Amended Complaint constitutes a partial satisfaction of this required diversity procedure. However, FRELP's diversity allegations are deficient because the First Amended Complaint fails to reference the partnership interest or state of citizenship of Jay Miller, an individual who has consistently been identified by FRELP as one of its Partners and Principals. Since FRELP, prior to this litigation, has clearly represented that Jay Miller was a member of FRELP, and both a Principal and a Partner, this Court should consider Jay Miller's

5

citizenship when conducting its diversity analysis. Since he is a citizen of the State of New Jersey, FRELP's First Amended Complaint must be dismissed.

Furthermore, FRELP's allegation that Jay Miller is of a different class of partner, and therefore may be disregarded for diversity purposes, is largely irrelevant as a result of the Third Circuit's holding in *Carlsberg Resources*. There, the Third Circuit held that "considerations of varying membership status should not bear on the fundamental inquiry whether diversity exists." *Carlsberg Resources*, *supra*, 554 *F*.2d at 1259. For the same reasons, when conducting the present diversity analysis, this Court should consider Jay Miller and his State of residence, and dismiss FRELP's First Amended Complaint.

Since Jay Miller is a member of FRELP and a resident of the State of New Jersey, there is incomplete diversity of citizenship. Accordingly, Messrs. Bennett and Spector respectfully request that this Court dismiss FRELP's First Amended Complaint pursuant to *F.R.C.P.* 12(b)(1).

## IV. Conclusion

Thus, Jay Miller is a member of FRELP and a resident of the State of New Jersey, there is incomplete diversity of citizenship. Since this Court's subject matter jurisdiction is based upon FRELP's allegation of complete diversity of citizenship, Messrs. Bennett and Spector respectfully request that this Court dismiss FRELP's First Amended Complaint pursuant to *F.R.C.P.* 12(b)(1).

                        Respectfully submitted,

                        LOMURRO, DAVISON, EASTMAN & MUÑOZ, P.A.
                        Attorneys for Defendants, Tyler Bennett
                        and Daniel Spector

                        By: */s/ Matthew K. Blaine*
                             MATTHEW K. BLAINE, ESQ.

Dated: November 9, 2012