Matthew K. Blaine
mblaine@lomurrolaw.com
Direct Dial - (732)410-2384

November 29, 2012

"Document Electronically Filed"

The Honorable Joel A. Pisano
United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

>       RE:   Fameco Real Estate, L.P. v. Bennett & Spector, et al.
>             Civil Action No. 12-06102

Dear Judge Pisano:

    This correspondence is made in response to the sur-replies of counsel for Plaintiff, dated November 28, 2012, which were filed with the Court on November 28 and November 29, 2012, respectively.  (ECF Doc. Nos. 13 & 14).  Plaintiff seeks to strike all but Point I.B. of the reply brief of Defendants Tyler Bennett and Daniel Spector, as well as the Declarations of Defendants, submitted in reply to Plaintiff's opposition of their motion to dismiss.  The motion is returnable December 3, 2012.  The purpose of this correspondence is to register Defendants' strong objection to Plaintiff's impermissible sur-replies and to also demonstrate the appropriate nature of Defendants' reply submission.

    First, these sur-replies have been filed without the Court's permission, and should be stricken or disregarded. L. Civ. R. 7.1(d)(6); Tucker v. Sebelius, Civ. No. 07-2230, 2010 U.S. Dist. LEXIS 69522, *14 n.3 (D.N.J. July 12, 2010); In re Ford Motor Co. E-350 Van Products Liability Litigation, Civ No. 03-4558 2010 U.S. Dist. LEXIS 68241, *84-86 (D.N.J. July 9, 2010)(striking plaintiff's letter and affidavit, because they were filed without permission and constituted improper sur-replies).

    Second, Defendants' reply submission is undoubtedly proper.  It simply responds to Plaintiff's opposition brief and explains a position in Defendants' initial brief that Plaintiff has attempted to refute.  See Bernstein v. City of Atlantic City,

Hon. Joel A. Pisano, U.S.D.J.
Fameco Real Estate, L.P. v. Bennett & Spector
Page 2 of 2

2011 U.S. Dist. LEXIS 68781, *11 (D.N.J. June 27, 2011). In addition, the tenor of Plaintiff's impermissible sur-replies indicates that Plaintiff has overlooked the well-settled legal principle that it is Plaintiff's burden to establish complete diversity of citizenship.

The principal argument raised in Plaintiff's opposition to Defendants' motion is that Jay Miller is not a partner of Plaintiff, but rather has always served merely as an independent contractor that works for Plaintiff and does not have the authority to execute any documents or otherwise obligate Plaintiff without first obtaining Plaintiff's written consent. (ECF Doc. No. 9 at pp. 3-4 and 10; ECF Doc. No. 9-1 at ¶¶2-3 and 8-9). In support of this argument, Plaintiff relied upon the cases of *Morson v. Kreindler & Kreindler, LLP*, 616 F. Supp. 2d 171 (D. Mass. 2009) and *Leprino Foods Co. v. Gress Poultry, Inc.*, 379 F. Supp. 2d 650 (E.D. Pa. 2005). (ECF Doc. No. 9 at pp. 7-9). Plaintiff also relied on attachments A and B to the Declaration of Michael Levin, which are documents that Defendants and their counsel had never before seen prior to their inclusion in Plaintiff's opposition. (ECF Doc. No. 9-1).

Defendants' reply submission merely responds to these arguments, alleged facts and case law. The Declarations of Defendants introduce facts that rebut the bleak picture of Jay Miller's responsibilities and authority, as well as his alleged status as an independent contractor, that is painted by Michael Levin in his opposing Declaration. Defendants' Declarations also provide factual support for the arguments advanced in Point I.B. of their reply brief. Likewise, the arguments advanced in Point I.A. of Defendants' reply brief correctly distinguish the holdings of *Morson* and *Leprino* from this litigation. Similarly, the arguments advanced in Point I.C. of the reply brief simply reflect the well-settled legal principle that it is Plaintiff's burden to prove complete diversity of citizenship and that additional discovery on subject matter jurisdiction may be warranted to determine whether that burden has been met.

                        Respectfully yours,

                        */s/ Matthew K. Blaine*
                        MATTHEW K. BLAINE

cc: Eric Tunis, Esq. (via e-mail only)